# UNITED STATES DISTRICT COURT FOR THE
# NORTHERN DISTRICT OF FLORIDA
# PANAMA CITY DIVISION

TAURICE LEONARD BROWN,

    Plaintiff,

v.                                          Case No. 5:24-cv-162-TKW-MJF

KALEB WELLS,

    Defendant.

_____/

## REPORT AND RECOMMENDATION

Taurice Brown, a prisoner proceeding *pro se* and *in forma pauperis*, has filed a civil rights complaint. Doc. 1. The District Court should dismiss this case under 28 U.S.C. §§ 1915A(b)(1) and 1915(e)(2)(B), because: (1) Plaintiff abused the judicial process by failing to disclose his litigation history completely and honestly; and (2) Plaintiff's complaint fails to state a claim on which relief can be granted.

## I. BACKGROUND

Brown (DC #J48890) is suing Kaleb Wells, a correctional officer at the Calhoun Correctional Institution. Doc. 1 at 2 in ECF. Brown alleges that on August 28, 2022, Wells remarked—in the presence of Brown and his cellmates—that Brown looked like the inmate who demonstrated

disrespect for Wells. *Id.* at 5-7. Brown denied responsibility and explained that he was further back in the line of inmates at the time of the incident. *Id.* at 7. Because no one in the cell fessed up to being the disrespectful inmate, Wells announced that he was searching the cell for contraband, starting with "Bunk 1." Wells walked away from Brown's bunk and started searching Bunk 1. *Id.* at 7.

While Wells was searching Bunk 1, a group of inmates approached Brown's bunk and told Brown to take responsibility to avoid Wells's search. *Id.* at 7-8. Brown refused. Brown tried to get Well's attention by shouting his name, but Wells was focused on searching Bunk 1. *Id.* at 8. Wells confiscated a pair of headphones from Bunk 1, and left the cell to conduct "Count" in another area. *Id.* at 9.

After Wells left, the cellmates attacked Brown. *Id.* at 9. Wells heard the commotion, returned to the cell, and immediately restored order. *Id.* at 10. Wells remarked: "Y'all didn't give me a chance to review the camera." *Id.* at 10-11. Wells asked Brown if he was okay and, after Brown requested medical attention, arranged for Brown to be taken to the medical department. *Id.* at 11.

Brown claims that Wells's "is responsible for what happen to me by him being unprofessional." *Id*. at 11. As relief, Brown seeks nominal and punitive damages. *Id*. at 12.

## II. SCREENING UNDER THE PRISON LITIGATION REFORM ACT

Because Brown is a prisoner and is proceeding *in forma pauperis*, the District Court is required to review his complaint, identify cognizable claims and dismiss the complaint, or any portion thereof, if the complaint "is frivolous, malicious, or fails to state a claim upon which relief may be granted[.] 28 U.S.C. § 1915A(a); *see also* 28 U.S.C. § 1915(e)(2)(B) (comparable screening provision of *in forma pauperis* statute).

### A. Screening for Misrepresentation of Litigation History

Courts may "oblige prisoners to supply available information concerning prior lawsuits that concern their incarceration." *In re Epps*, 888 F.2d 964, 969 (2d Cir. 1989). When a complaint form requires a plaintiff to list his litigation history, and the plaintiff's statements are made under penalty of perjury, a plaintiff's affirmative misrepresentation regarding his litigation history constitutes abuse of the judicial process warranting dismissal of the case as "malicious" under § 1915A(b)(1). *Kendrick v. Sec'y, Fla. Dep't of Corr.*, No. 21-12686, 2022

WL 2388425, at *3 (11th Cir. July 1, 2022) ("A plaintiff's bad-faith litigiousness or manipulative tactics, which include lying about one's litigation history, warrant dismissal under § 1915."); *Burrell v. Warden I*, 857 F. App'x 624, 625 (11th Cir. 2021) ("An action is malicious when a prisoner misrepresents his prior litigation history on a complaint form requiring disclosure of such history and signs the complaint under penalty of perjury. . . ."); *Sears v. Haas*, 509 F. App'x 935, 935-36 (11th Cir. 2013) (same); *Harris v. Warden*, 498 F. App'x 962, 964-65 (11th Cir. 2012); *Rivera v. Allin*, 144 F.3d 719, 731 (11th Cir. 1998), *abrogated in part on other grounds by Jones v. Bock*, 549 U.S. 199 (2007).

## B. Screening for Failure to State a Claim

To prevent dismissal for failure to state a claim, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)); *see also* Fed. R. Civ. P. 12(b)(6). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678. The mere possibility that the defendant

acted unlawfully is insufficient. *Iqbal*, 556 U.S. at 678. The complaint must include "[f]actual allegations . . . [sufficient] to raise a right to relief above the speculative level," that is, "across the line from conceivable to plausible." *Twombly*, 550 U.S. at 555, 570.

In applying the foregoing standard, the court accepts all well-pleaded factual allegations in the complaint as true and evaluates all reasonable inferences derived from those facts in the light most favorable to the plaintiff. *See Hunnings v. Texaco, Inc.*, 29 F.3d 1480, 1483 (11th Cir. 1994). Mere "labels and conclusions," however, are not accepted as true. *Twombly*, 550 U.S. at 555; *Iqbal*, 556 U.S. at 678. Similarly, a pleading that offers "a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555.

### III.   DISCUSSION

**A.   Brown Falsely Responded to a Question on the Complaint Form Concerning His Litigation History**

    **1.   *Brown's Reponses to Questions on the Complaint Form***

Brown provided answers to Section VIII of the civil rights complaint form which requires him to disclose his litigation history. Doc. 1 at 15-19. The complaint form asks three questions:

> A. Have you had any case in federal court, including federal appellate court, dismissed as frivolous, as malicious, for failure to state a claim, or prior to service?
>
> B. Have you filed other lawsuits or appeals in **state or federal court** dealing with the same facts or issue involved in this case?
>
> C. Have you filed any other lawsuit, habeas corpus petition, or appeal in **state or federal court** either challenging your conviction or relating to the conditions of your confinement?

*Id.* at 15-16. Additionally, the complaint form instructs that if the plaintiff responded, "yes" to any of these questions, then the plaintiff must disclose all responsive cases. *Id.*

In response to the foregoing questions, Brown responded "No" to Questions VIII(A) and (B), and responded "Yes" to Question VIII(C). *See* Doc. 1 at 15-16. Brown then disclosed: (1) nine state-court postconviction applications and appeals challenging his conviction; and (2) one federal habeas petition challenging his conviction, *Brown v. Sec'y, Fla. Dep't of Corr.*, No. 3:17-cv-416 (M.D. Fla. Apr. 4, 2017). Doc. 1 at 17-18. Brown disclosed no other cases or appeals.

At the end of the civil rights complaint form, Brown signed his name after the following certification: "I declare, under penalty of perjury, that all of the information stated above and included on or with this form,

including my litigation history, is true and correct." Doc. 1 at 19-20. Thus, Brown has in effect stated that at the time he filed this lawsuit, he had not filed any appeals in federal court challenging his conviction.

### 2. *Brown's Omissions*

Pursuant to Federal Rule of Evidence 201, the undersigned takes judicial notice that at the time Brown filed his complaint in this case, he had filed *at least* two prior cases that required disclosure.[1] Specifically, on May 12, 2020, Brown filed in the Eleventh Circuit a habeas appeal challenging his conviction. *See Brown v. Sec'y, Fla. Dep't of Corr.*, No. 20-11785, Doc. 1, Notice of Appeal (11th Cir. May 12, 2020). The Eleventh Circuit denied relief on December 11, 2020. *Brown*, 2020 WL 9597492 (11th Cir. Dec. 11, 2020). Brown then appealed to the United States Supreme Court. *See Brown v. Inch*, No. 21-5237, Pet. for Writ of Cert. (U.S. June 28, 2021). The Supreme Court denied relief on October 4, 2021. *Brown v. Inch*, No. 21-5237, 142 S. Ct. 284 (Oct. 4, 2021).

---

[1] By confining this discussion to two cases, the undersigned does not imply that they are the *only* cases Brown was required, but failed, to disclose. The undersigned will not shoulder Brown's burden to determine and disclose all of the cases he has filed.

Brown's complaint in the present case did not disclose either of the foregoing federal appeals that challenged Brown's conviction. *See* Doc. 1. The foregoing cases fall squarely within the complaint form's disclosure requirements. They are appeals, filed in federal courts, challenging Brown's conviction. Brown's failure to disclose these cases violates his duty of candor to this court.

### 3.   *The Materiality of Brown's Omissions*

Courts have recognized that information regarding a plaintiff's litigation history is useful to the court:

> [I]t allows efficient consideration of whether the prisoner is entitled to pursue the current action under the "three strikes" provision of the Prison Litigation Reform Act; it allows consideration of whether the action is related to, or otherwise should be considered in conjunction with or by the same judge who presided over, another action; it allows consideration of whether any ruling in the other action affects the prisoner's current case.  All of these things are appropriately considered in connection with the preliminary review of such a complaint under the Prison Litigation Reform Act.

*Spires v. Taylor*, Case No. 3:00-cv-249-RH (N.D. Fla. Oct. 27, 2000) (Order of Dismissal). Also, this "information may assist a court in identifying suits that are repetitious of prior or pending lawsuits and hence frivolous . . . ." *Epps*, 888 F.2d at 969. "Every lawsuit filed, no

matter how frivolous or repetitious, requires the investment of court time . . . ." *Procup*, 792 F.2d at 1072.

"Federal courts have both the inherent power and the constitutional obligation to protect their jurisdiction from conduct which impairs their ability to carry out Article III functions." *Procup*, 792 F.2d at 1073; *In re Martin-Trigona*, 737 F.2d 1254, 1261-62 (2d Cir. 1984). Similarly, courts have "a responsibility to prevent single litigants from unnecessarily encroaching on the judicial machinery needed by others." *Procup*, 792 F.2d at 1074. Requiring prisoner-plaintiffs to disclose their record of litigation serves all of these compelling interests. Thus, to conserve judicial resources and effectively manage their dockets, courts are well within their discretion to require prisoner litigants to disclose their litigation history. *See Smith v. Psychiatric Sols., Inc.* 750 F.3d 1253, 1262 (11th Cir. 2014) (noting that district courts have "unquestionable authority to control their own dockets; this authority includes broad discretion in deciding how best to manage the cases before them").

Additionally, because prisoner-plaintiffs generally proceed *pro se*, the information helps the court determine the plaintiff's litigation experience and familiarity with the legal terrain. The time spent

verifying the cases a plaintiff has filed but failed to identify can be considerable.

Here, Brown falsely responded to a question on the complaint form as detailed above. Brown knew from reading the complaint form that disclosure of all prior cases was required. The complaint form expressly warns prisoners:

> ***This section requires you to identify your prior litigation history. Be advised that failure to disclose all prior state and federal cases—including, but not limited to civil cases, habeas cases, and appeals—may result in the dismissal of this case. You should err on the side of caution of you are uncertain whether a case should be identified.***

Doc. 1 at 14. Additionally, Brown clearly knew that he was required to disclose all appeals challenging his conviction, because he disclosed several appeals he filed in the state courts, including both direct and postconviction appeals.

There is no excuse for Brown's failure to respond truthfully to the question on the complaint form. The question is straightforward and easily understandable. *Kendrick*, 2022 WL 2388425, at *2-3 (rejecting prisoner's argument that omission of cases was not malicious because he was confused by question on form and omission was harmless; complaint

form clearly required disclosure); *Brown v. Foskey*, 2024 WL 3497939, at *1 (N.D. Fla. July 22, 2024) (citing multiple cases where courts have rejected a plaintiff's argument that he was not required to disclose a prior habeas case); *Concepcion-Padilla v. Armstrong*, 2024 WL 4931526, at *1 n.2 (N.D. Fla. Dec. 2, 2024) (rejecting as frivolous the suggestion that plaintiff was not required to disclose prior habeas case (citing *Brown v. Foskey, supra*)).

"[T]he omission of any case (irrespective of subject-matter) is material to Plaintiff's duty of candor to the Court." *Runge v. DeSantis*, 2023 WL 5532146, at *1 (N.D. Fla. Aug. 28, 2023). A penalty is warranted both to deter Brown from such conduct and to deter others from similar misrepresentations and material omissions.

### 4. *The Appropriate Sanction is Dismissal Without Prejudice*

"[F]ailure to comply with court rules requiring disclosures about a plaintiff's previous litigation constitutes an abuse of the judicial process warranting dismissal." *Sears*, 509 F. App'x at 936; *Burrell*, 857 F. App'x at 625. The court should not allow Brown's false response to go unpunished. *See Strickland v. United States*, 739 F. App'x 587, 588 (11th Cir. 2018) ("A sanction less than dismissal would signal that a failure to

disclose filings is an infraction without consequence. It would invite other prisoners to omit their litigation history, thus draining the judicial system's time and resources.").

If Brown suffered no penalty for his untruthful response, there would be little or no disincentive for Brown's attempt to evade or undermine the purpose of the form. An appropriate sanction for Brown's abuse of the judicial process in not providing the court with true factual statements or responses is to dismiss this case without prejudice. *See Rivera*, 144 F.3d at 731; *see also, e.g., Wynn v. Postal Serv.*, 735 F. App'x 704, 705 (11th Cir. 2018) (affirming dismissal of *pro se* plaintiff's case for abuse of the judicial process after the plaintiff failed to disclose a prior case; noting that the case fell "squarely within the complaint form's disclosure requirements"); *Reynolds v. Lowery*, 2018 WL 4206932, *1 (11th Cir. Aug. 8, 2018) ("[T]he district court did not abuse its discretion in dismissing" the prisoner-plaintiff's "complaint as malicious, based on his failure to accurately disclose his prior litigation history"); *Lebarr v. Fla. Dep't of Corr.*, 2022 WL 2438357, at *1 (N.D. Fla. July 5, 2022) (citing multiple cases supporting this proposition).

No lesser sanction would suffice to deter this type of conduct. For example, providing Brown an opportunity to amend his complaint to truthfully disclose his prior litigation would equate to overlooking his abuse of the judicial process, because that course of action would entail no penalty. *See Harris*, 498 F. App'x at 964-65 (rejecting prisoner's argument that it was an abuse of discretion to dismiss case without allowing him "to correct" his omissions by disclosing his litigation history; record showed that prisoner "affirmatively misrepresented the facts" by failing to disclose prior cases and that he "knew, or from reading the Complaint form should have known, that disclosure of the relevant prior actions was required"); *Hood v. Tompkins*, 197 F. App'x 818, 819 (11th Cir. 2006) ("[T]he district court was correct to conclude that to allow [the plaintiff] to then acknowledge what he should have disclosed earlier would serve to overlook his abuse of the judicial process.").

B.   **Plaintiff Fails to State an Eighth-Amendment Claim**

There is a second, independent reason to dismiss this civil action: Brown's complaint fails to state a plausible claim under the Eighth Amendment.

1. ***Failure to* Allege an *Eighth-Amendment Violation***

To state an Eighth-Amendment claim arising from an inmate assault, a plaintiff must allege that (1) he was "incarcerated under conditions posing a substantial risk of serious harm;" (2) the "prison official [had] a sufficiently culpable state of mind," amounting to "deliberate indifference;" and (3) the constitutional violation caused his injuries. *Farmer v. Brennan*, 511 U.S. 825, 834 (1994); *see also Cox v. Nobles*, 15 F.4th 1350, 1357-58 (11th Cir. 2021).

The Eleventh Circuit recently clarified the deliberate-indifference standard. *See Wade v. McDade*, 106 F. 4th 1251 (11th Cir. 2024). The plaintiff must prove that the defendant "acted with 'subjective recklessness as used in the criminal law,'" *i.e.*, that the defendant "actually knew that his conduct—his own acts or omissions—put the plaintiff at substantial risk of serious harm." *Wade*, 106 F. 4th at 1253 (quoting *Farmer*, 511 U.S. at 839). There is a "caveat": Even if the plaintiff makes that showing, a defendant "cannot be found liable under the Cruel and Unusual Punishments Clause if he 'responded reasonably to th[at] risk.'" *Wade*, 106 F. 4th at 1253 (alteration in original) (quoting *Farmer*, 511 U.S. at 844).

Even assuming to Brown's benefit (without deciding) that Brown *could* show that Wells's remark created a substantial risk of serious harm, Brown's own version of the incident does not support a reasonable inference that Wells was "actually, subjectively aware" that his comment put Brown's safety at substantial risk. Brown admits that Wells had walked away from the inmates and was searching a bunk when the inmates approached Brown and demanded he confess. Wells was focused on searching the bunk when Brown called his name. And Wells *already had left the cell* when the inmate demanded payment for the headphones, retrieved a knife, and stabbed Brown.

Wells's reaction to the attack also provides insight. When Wells heard "the commotion," he immediately returned to the cell, restored order, and commented: "Y'all didn't give me a chance to review the camera." Wells was surprised that Brown was attacked.

Because Brown has failed to allege the requisite subjective knowledge, Brown has failed to allege an essential element of an Eighth-Amendment claim. *See Wade*, 106 F.4th at 1262.

### 2. *Amendment of the Complaint Would Be Futile*

"Where a more carefully drafted complaint might state a claim, a

plaintiff must be given at least one chance to amend the complaint before the district court dismisses the action with prejudice." *Bank v. Pitt*, 928 F.2d 1108, 1112 (11th Cir. 1991), *overruled in part by Wagner v. Daewoo Heavy Indus. Am. Corp.*, 314 F.3d 541 (11th Cir. 2002); *see also Silberman v. Miami Dade Transit*, 927 F.3d 1123, 1132 (11th Cir. 2019). A district court, however, need not grant a plaintiff an opportunity to amend when amendment would be futile. *Silberman*, 927 F.3d at 1133. Leave to amend is futile when the complaint as amended still would be dismissed. *Id*. The question in such cases is not whether the plaintiff has stated a claim, but instead, "when all is said and done, he *can* do so." *Id*. (emphasis in original).

The discussion set forth above demonstrates that Brown cannot state a claim against Wells, because Wells did not act with a sufficiently culpable state of mind for Eighth-Amendment liability. This deficiency is not curable even if Brown were given the opportunity to replead. The problem with Brown's complaint is not a lack of specific facts. The problem is that Brown's allegations—as detailed as they are—cannot support an inference that Wells actually knew that his own acts put Brown at substantial risk of serious harm. *Wade*, 106 F. 4th at 1253; *see*

*also, e.g., Wade v. McDade*, No. 21-14275, 2024 WL 5200546, at *6 (11th Cir. Dec. 23, 2024) (applying "subjective recklessness" standard to deliberate-indifference claim). Thus, the District Court should dismiss this action for failure to state a claim upon which relief can be granted.

## IV. CONCLUSION

For the reasons set forth above, the undersigned respectfully **RECOMMENDS** that:

1. The District Court:

    a. **DISMISS** this civil action **without prejudice** as malicious because Plaintiff abused the judicial process in failing to disclose his litigation history completely and honestly; **OR**

    b. **DISMISS** this civil action **with prejudice** because Plaintiff's complaint fails to state a claim on which relief can be granted.

2. The clerk of the court enter judgment accordingly and close this case file.

At Panama City, Florida, this 31st day of December, 2024.

/s/ *Michael J. Frank*
**Michael J. Frank**
**United States Magistrate Judge**

## NOTICE TO THE PARTIES

**The District Court referred this case to the undersigned to make recommendations regarding dispositive matters.** *See* **28 U.S.C. § 636(b)(1)(B), (C); Fed. R. Civ. P. 72(b). Objections to these proposed findings and recommendations must be filed within fourteen days of the date of the report and recommendation.** <u>**Any different deadline that may appear on the electronic docket is for the court's internal use only.**</u> **A party must serve a copy of any objections on all other parties. A party who fails to object to this report and recommendation waives the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions.** *See* **11th Cir. R. 3-1; 28 U.S.C. § 636. The parties also are advised that if they dispute the accuracy of any judicially-noticed fact, or if they otherwise wish to be heard on the propriety of the court taking judicial notice of that fact, they must raise this issue in an objection to this report and recommendation.**